**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10113 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-03000-DCB-HCE-1 |
| v. | |
| JUAN ANTONIO ROBLES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted March 13, 2013[**]
San Francisco, California

Before: McKEOWN, CALLAHAN, and IKUTA, Circuit Judges.

Juan Robles appeals his conviction for possession with intent to distribute

marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), on the ground that

the district court erred in admitting at trial evidence derived from information he

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

provided in a "free talk" conducted pursuant to an informal immunity agreement. Robles also appeals his sentence. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo the interpretation of an informal immunity agreement, applying ordinary contract law principles and accepting factual determinations unless they are clearly erroneous. *United States v. Dudden*, 65 F.3d 1461, 1467 (9th Cir. 1995). If in such an agreement the government "promises that the statements will not be used against the defendant, it is also precluded from using the statements to uncover other incriminating evidence, *unless the agreement expressly provides otherwise*." *Id.* (emphasis added). Robles's agreement unambiguously provided that, notwithstanding the government's promise not to offer in its case-in-chief or at sentencing "any statements made by [Robles] at the meeting," the government could use "information derived directly or indirectly from the meeting for the purpose of obtaining and pursuing leads to other evidence, which evidence may be used for any purpose, including any prosecution of [Robles] by the government." The district court's admission of testimony from a witness whom prosecutors identified after investigating statements made by Robles at the free talk accorded with the terms of the agreement. Nor did the district court abuse its discretion in admitting the testimony under Federal Rule of

Evidence 404(b) for the purpose of proving Robles's knowledge, lack of mistake, and motive in relation to the drug offense.[1]

Robles challenges his sentence on two grounds: imposing a two-level Obstruction of Justice adjustment and declining to grant a two-level Acceptance of Responsibility reduction. The Sentencing Guidelines provide that an Obstruction of Justice adjustment applies where the defendant "willfully fail[s] to appear, as ordered, for a judicial proceeding." USSG § 3C1.1 cmt. n. 4(E). The district court did not err in applying this enhancement because Robles fled the country before trial concluded in violation of his conditions of release. Because Robles did not object before the district court regarding an Acceptance of Responsibility reduction, we review for plain error. *United States v. Houston*, 648 F.3d 806, 813 (9th Cir. 2011). The district court did not plainly err in denying the reduction where Robles, in addition to absconding from trial, failed to take responsibility for his crime at sentencing.

**AFFIRMED.**

---

[1] Because the terms of the agreement explicitly specify the meeting does not constitute a plea discussion, and because the record establishes no factual basis for considering the free talk a plea negotiation, Robles's arguments regarding Federal Rule of Evidence 410 are unavailing.